Kevin P. MILLER, Plaintiff–Appellant,

v.

BALLWIN POLICE DEPARTMENT
and City of Clarkson Valley,
Defendants–Appellees.

No. 05–1308.

United States Court of Appeals,
Federal Circuit.

July 5, 2005.

Kevin P. Miller, pro se.

Before NEWMAN, CLEVENGER, and
RADER, Circuit Judges.

PER CURIAM.

*ORDER*

Kevin P. Miller responds to the court's April 28, 2005 order directing him to respond concerning whether this appeal should be dismissed.

On November 29, 2004 the United States District Court for the Eastern District of Missouri issued an order denying Miller's motion for reconsideration of the district court's order dismissing as frivolous his complaint in *Miller v. Ballwin Police Dept.*, No. 4:04–CV–1076. Miller filed a notice of appeal on March 23, 2005.

The underlying matter involved alleged civil rights violations outside of this court's limited jurisdiction. *See* 28 U.S.C. § 1295. The usual course when a notice of appeal is misdirected to this court is to transfer the appeal to the regional circuit, in this case the United States Court of Appeals for the Eighth Circuit, pursuant to 28 U.S.C. § 1631. However, section 1631 al-lows us to transfer an appeal only if transfer would be "in the interest of justice." If an appeal is frivolous, it is not in the interest of justice to transfer to another court. *See Galloway Farms, Inc. v. United States*, 834 F.2d 998, 1000–01 (Fed.Cir. 1987) ("[t]he phrase 'if it is in the interest of justice' relates to claims which are non-frivolous and as such should be decided on the merits"). Furthermore, it has come to the court's attention that the Eighth Circuit has barred Miller from making further filings. *See Miller v. Missouri Sup.Ct.*, No. 03–3767 (8th Cir. Jan. 14, 2004) ("It is further ordered that appellant is barred from making any further filings in this court, either in this or any other case"). Thus, we determine that transfer is not in the interest of justice.

In his response to the court's order concerning whether his appeal should be dismissed, Miller cites 28 U.S.C. § 1295(a)(2) as a basis for jurisdiction in this court. The court has jurisdiction under Section 1295(a)(2) to adjudicate appeals in cases in which the United States is the defendant. The United States is not the defendant in this case. Thus, Section 1295(a)(2) is not a proper basis for jurisdiction. Because we decline to transfer and this court lacks jurisdiction over Miller's appeal, we must dismiss.

In addition, we note that Miller's appeal is untimely. An appeal from a decision of a district court must be filed within 30 days of entry of the order appealed from. *See* Fed. R.App. P. 4(a)(1)(A). In this case, Miller filed his notice of appeal to this court 114 days after entry of judgment. Thus, his appeal is untimely.

Accordingly,

IT IS ORDERED THAT:

(1) The appeal is dismissed.

(2) Each side shall bear its own costs.

(3) All pending motions are moot.