Kevin P. MILLER, Plaintiff–Appellant,

v.

CITY OF BALLWIN and State of Missouri, Defendants–Appellees.

Kevin P. Miller, Plaintiff–Appellant,

v.

Jan Tieman and State of Missouri, Defendants–Appellees.

Kevin P. Miller, Plaintiff–Appellant,

v.

City of Eureka and State of Missouri, Defendants–Appellees.

Kevin P. Miller, Plaintiff–Appellant,

v.

Dean Rosen and State of Missouri, Defendants–Appellees.

Kevin P. Miller, Plaintiff–Appellant,

v.

Employer, Rigsby's Professional and Missouri Division of Employment Security, Defendants–Appellees.

Kevin P. Miller, Plaintiff–Appellant,

v.

City of Ellisville, Missouri, Debbie Majors, Donald K. Anderson, Fawzie Safi, George Corless, Jeffrey Khoury, Paul Martin, Roy Teeters and Wayne Moore, Defendants–Appellees.

Archay Financial Corporation,
Plaintiff,

and

Kevin P. Miller, Nonparty–Appellant,

v.

General Motors Corporation and
Subaru–Isuzu Corp., Defen-
dants–Appellees.

Kevin P. Miller, Plaintiff–Appellant,

v.

City of Saint Louis, Mo.,
Defendant–Appellee.

No. 05–1465, 05–1466, 05–1467, 05–1468,
05–1469, 05–1470, 05–1499, 05–1549.

United States Court of Appeals,
Federal Circuit.

Sept. 28, 2005.

Kevin P. Miller, pro se.

Before MAYER, CLEVENGER, and
GAJARSA, Circuit Judges.

*ORDER*

PER CURIAM.

Kevin P. Miller has not responded to the court's August 10, 2005 order directing him to show cause why his recently docketed notices of appeal in 05–1465, 05–1466, 05–1467, 05–1468, 05–1469, 05–1470, and 05–1499 should not be dismissed. We consider whether these seven appeals as well as Miller's recently docketed appeal, 05–1549, should be dismissed.

In 05–1465, Miller appeals from an order of the United States District Court for the Eastern District of Missouri dismissing his complaint. *Miller v. City of Ballwin,* No. 4:05–CV–425 (E.D. Mo. June 20, 2005). The underlying matter involved a request to remove a case involving tort and civil rights claims to federal court. The appeal is not within this court's limited jurisdiction. *See* 28 U.S.C. § 1295.

In 05–1466, Miller appeals from an order of the United States District Court for the Eastern District of Missouri dismissing his complaint. *Miller v. Tieman,* No. 4:05–CV–426 (E.D. Mo. June 20, 2005). The underlying matter involved a request to remove a case involving civil rights claims to federal court. The appeal is not within this court's limited jurisdiction. *See* 28 U.S.C. § 1295.

In 05–1467, Miller appeals from an order of the United States District Court for the Eastern District of Missouri dismissing his complaint. *Miller v. City of Eureka,* No. 4:05–CV–427 (E.D. Mo. June 20, 2005). The underlying matter involved a request to remove a case involving tort and civil rights claims to federal court. The appeal is not within this court's limited jurisdiction. *See* 28 U.S.C. § 1295.

In 05–1468, Miller appeals from an order of the United States District Court for the Eastern District of Missouri dismissing his complaint. *Miller v. Rosen,* No. 4:05–CV–428 (E.D. Mo. June 27, 2005). The underlying matter involved a request to remove a case involving tort and civil rights claims to federal court. The appeal is not within this court's limited jurisdiction. *See* 28 U.S.C. § 1295.

In 05–1469, Miller appeals from an order of the United States District Court for the Eastern District of Missouri dismissing his complaint. *Miller v. Employer, Rigsby's Professional,* No. 4:05–CV–466 (E.D. Mo. June 27, 2005). The underlying matter involved a request to remove a case involving employment claims to federal court. The appeal is not within this court's limited jurisdiction. *See* 28 U.S.C. § 1295.

In 05–1470, Miller appeals from an order of the United States District Court for the Eastern District of Missouri dismissing his

complaint. *Miller v. City of Ellisville*, No. 4:05–CV–1774 (E.D.Mo. July 6, 2005). The underlying matter involved alleged civil rights violations. The appeal is not within this court's limited jurisdiction. *See* 28 U.S.C. § 1295.

In 05–1499, Miller appeals from an order of the United States Bankruptcy Court for the Eastern District of Missouri closing the file in *Archay Financial Corp. v. General Motors Corp.*, No. 05–00402–172 (Bankr.E.D.Mo. July 6, 2005). Miller was not a party in the bankruptcy proceedings and does not have standing to appeal.

In 05–1549, Miller appeals from an order of the United States District Court for the Eastern District of Missouri dismissing his complaint. *Miller v. City of Saint Louis, Mo.*, No. 4:05–CV–544 (E.D.Mo. Aug. 22, 2005). The underlying matter involved a request to remove a case involving civil rights claims to federal court. The appeal is not within this court's limited jurisdiction. *See* 28 U.S.C. § 1295.

The usual course when a notice of appeal is misdirected to this court is to transfer the appeal to the regional circuit, in this case the United States Court of Appeals for the Eighth Circuit, pursuant to 28 U.S.C. § 1631. However, it has come to the court's attention that the Eighth Circuit has barred Miller from making further filings. *See Miller v. Missouri Sup.Ct.*, No. 03–3767 (8th Cir. Jan. 14, 2004) ("It is further ordered that appellant is barred from making any further filings in this court, either in this or any other case").

None of these eight appeals is within the court's jurisdiction. Further, we note that we recently dismissed two other appeals filed by Miller because they were not within the court's jurisdiction. *See Miller v. Miller–Fitzgibbons*, No. 05–1234 (Fed. Cir. July 5, 2005) (dismissing appeal concerning child custody and alleged civil rights violations for lack of jurisdiction); *Miller v.*

*Ballwin Police Dept.*, 140 Fed.Appx. 949 (Fed.Cir.2005) (dismissing appeal concerning alleged civil rights violations for lack of jurisdiction). Therefore, any future appeals filed by Miller will be reviewed and, if they do not fall within the court's jurisdiction, will be returned to Miller without docketing.

Accordingly,

IT IS ORDERED THAT:

(1) The appeals are dismissed.

(2) All pending motions are moot.

(3) Any future appeals filed by Miller will be reviewed and, if they do not fall within the court's jurisdiction, will be returned to Miller without docketing.

(4) All sides shall bear their own costs.